### BELLE M. JOHNSON v. CINCINNATI (CITY).

DAMAGES FOR A CONTINUING NUISANCE CANNOT FOLLOW DAMAGES FOR A PERMANENT INJURY TO THE SAME PROPERTY.

> The measure of damages to property "completely destroyed and rendered worthless and unmarketable" by reason of a nuisance occasioned by the negligence of a city, is the difference in values of the property before and after the injury. Having recovered for a permanent injury, the owner cannot recover for a continuing nuisance also.

ERROR to Hamilton common pleas court.

**Clyde Johnson,** for plaintiff.

**E. M. Ballard,** city solicitor, for defendant.

SMITH, J.

Upon examination of the record we cannot say that the verdict is against the weight of the testimony.

As to the alleged errors of law complained of in the charge of the court, relative to the property being permanently injured, the contributory negligence on behalf of the plaintiff in error, and the refusal of the

Johnson v. Cincinnati.

court to give charge No. 3 asked by plaintiff in error, we do not think objection to these portions of the charge is well founded.

In the amended and supplemental petition in case No. 100927, common pleas court, plaintiff in error distinctly says that the negligence complained of completely destroyed her property and rendered it absolutely worthless and unmarketable. This being her claim, she went to trial upon the theory of the nuisance being permanent and not a continuous one, and the amount of the verdict would seem to bear out this contention.

The rule as to the measure of damages in actions of this kind is set out in *Cincinnati* v. *Wright,* 14 Dec. 600, and affirmed by the Supreme Court in *Wright* v. *Cincinnati,* 74 Ohio St. 479.

If, as claimed in plaintiff in error's amended and supplemental petition in said case, that her property was completely destroyed and rendered absolutely worthless and unmarketable, then her measure in damages was the difference in values of the property before and after the injury. This being so, she recovered as for a permanent damage. The record in this case, therefore, showing that she did recover such measure of damages for a permanent injury, she cannot later recover for a continuing one. The jury having found that no further injuries had been done to the property already permanently damaged, and for which the plaintiff in error has been paid, the judgment will be affirmed.

**Giffen** and **Swing, JJ.,** concur.